UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-24652-RAR

**NIKLAS PAUL CARRASCO PARRA**,

    Plaintiff,

v.

**U.S. CITIZENSHIP AND IMMIGRATION SERVICES**, *et al.*,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss ("Motion"), [ECF No. 30], filed on November 13, 2025. Plaintiff filed his Response in Opposition on November 18, 2025, [ECF No. 44]. Having considered Defendants' Motion, Plaintiff's Response, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss, [ECF No. 30], is **GRANTED** for the reasons stated herein.

## BACKGROUND

On October 8, 2025, Plaintiff initiated this action against United States Citizenship and Immigration Services ("USCIS"), Ur M. Jaddou, Alejandro Mayorkas, and Merrick B. Garland. [ECF No. 1]. Plaintiff subsequently filed an Amended Complaint on October 22, 2025, seeking a Writ of Mandamus to require USCIS and Defendants to adjudicate Plaintiff's Form I-290B, Motion to Reconsider. [ECF No. 6].

USCIS adjudicated Plaintiff's Form I-290B and issued its decision on October 24, 2025. [ECF No. 30-1]. Consequently, Defendants filed the instant Motion on November 13, 2025. [ECF No. 30]. In the Motion, Defendants assert that this case is moot as there is no longer a live

controversy since the Form I-290B on which the Amended Complaint is based has been adjudicated. *Id.* at 2–3.

On November 13, 2025, the Court entered an Order requiring Plaintiff to file a Response to the Motion. [ECF No. 31]. Plaintiff filed his Response on November 18, 2025 ("Response"). [ECF No. 44]. In the Response, Plaintiff contends that although USCIS issued a decision on Plaintiff's Motion to Reconsider, the case is not moot because USCIS's denial was retaliatory as well as arbitrary, capricious, and an abuse of discretion under the Administrative Procedure Act ("APA"). *See generally id.* Specifically, Plaintiff maintains the decision contains procedural and factual errors and Plaintiff continues to suffer ongoing harms. *Id.* Plaintiff also filed a Supplemental Pleading, [ECF No. 39], which reiterates the same arguments in his Response.

## ANALYSIS

### A. Defendants' Motion to Dismiss

Attacks on subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) come in two forms: (1) "facial attacks" in which the court merely determines whether the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and (2) "factual attacks" in which subject matter jurisdiction is determined on matters "irrespective of the pleadings." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). Although not expressly stated, Defendants appear to make a factual attack arguing that no jurisdiction exists over this case because USCIS denied Plaintiff's Form I-290B. Mot. at 2–3. "[W]here a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence" relevant to its jurisdictional determination. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). The district court is free to weigh the facts and is not constrained to view them in a light favorable to the plaintiff. *Id.* The party asserting jurisdiction bears the burden of establishing that

a cause of action falls within a federal court's limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The Court's jurisdiction is limited to "cases" or "controversies" as prescribed by Article III of the Constitution. *See Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citing U.S. Const. art. III, § 2). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (citation omitted). A case is moot when "it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (quoting *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1216–17 (11th Cir. 2000)). And if a case is moot, "dismissal is required because mootness is jurisdictional." *Id.* (citation omitted).

Here, Defendants have credibly shown that Plaintiff's Form I-290B was adjudicated, providing the Court with the relevant USCIS Decision. [ECF No. 30-1]. This is precisely the relief Plaintiff sought in his Amended Complaint; therefore, Plaintiff's alleged injury no longer exists. *See* [ECF No. 6]. As such, this case no longer presents a "live controversy" and dismissal for mootness is required. *See Al Najjar*, 273 F.3d at 1336; *Gray v. Sec'y for Dep't of Homeland Sec.*, 452 F. App'x 873, 875 (11th Cir. 2011) (per curiam) ("Because USCIS's actions have provided [Plaintiff] the relief he sought in his lawsuit, his appeal from the district court's denial of his motion for an order to show cause and his motion for injunctive relief is moot.").

The Eleventh Circuit has recognized an exception to the mootness doctrine when an action is capable of repetition, yet evading review. *Al Najjar*, 273 F.3d at 1336. This exception only applies when (1) "there [is] a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party," and (2) "the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." *Id.* (emphasis

omitted) (quoting *Sierra Club v. Martin*, 110 F.3d 1551, 1554 (11th Cir. 1997)). The remote possibility an event may recur does not overcome mootness, and a likely recurrence is insufficient to overcome mootness if a party would have an opportunity for judicial review at the time of recurrence. *Id.* This exception applies only in exceptional circumstances; notably, when the same controversy will recur but there is inadequate time for litigation. *Id.* at 1340. This exception does not apply in this case because Plaintiff has not presented any information indicating that there is "a reasonable expectation or a demonstrated probability" that the alleged procedural violation will recur. Accordingly, since this claim fails under the first prong, the Court need not address the second prong of the test.

A second, relevant exception to the mootness doctrine is when a defendant voluntarily ceases the offending practice giving rise to the lawsuit. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 189 (2000). Under this exception, "[a] case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (citing *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968)). Plaintiff provides no argument on this point. *See* [ECF No. 44]. Consequently, the Court concludes Plaintiff has failed to properly raise voluntary cessation and will not consider this doctrine in assessing jurisdiction.[1]

### B. Plaintiff's Supplemental Pleading

Plaintiff appears to acknowledge that his Amended Complaint for Writ of Mandamus is now moot by filing a Supplemental Pleading under Federal Rule of Civil Procedure 15(d). *See* [ECF No. 39]. Rule 15(d) is clear, however, that before filing a supplemental pleading, a plaintiff,

---

[1] If the Court were to consider this exception, however, the Court would likely find it inapplicable as government actors are entitled to a rebuttable presumption that the offending conduct will not recur, *Sheely v. MRI Radiology Network, PA*, 505 F.3d 1173, 1184 (11th Cir. 2007), and Plaintiff has not presented any evidence to rebut that presumption.

even one proceeding *pro se*, must request leave of court. *See, e.g.*, *Clark v. United Parcel Serv., Inc.*, No. 119CV02874SCJWEJ, 2019 WL 13292994, at *3 (N.D. Ga. Dec. 17, 2019), *report and recommendation adopted*, No. 1:19-CV-2874, 2020 WL 13682483 (N.D. Ga. Jan. 10, 2020) (striking supplemental complaint where *pro se* plaintiff failed to move to serve a supplemental pleading). Here, instead of moving for leave to file a Supplemental Complaint, Plaintiff simply filed it. Because Plaintiff did not follow Rule 15(d), the Supplemental Complaint must be stricken.

Importantly, even if the Court were to construe the supplemental pleading as a motion for leave to file a supplemental complaint, it would be denied.[2] "While the court's discretion is broad" when it comes to granting motions to supplement under Rule 15(d), "it is not unlimited." *W. Ala. Women's Ctr. v. Miller*, 318 F.R.D. 143, 148 (M.D. Ala. 2016). Although the plain text of Rule 15(d) does not provide guidelines for granting or denying such motions, federal courts have held that a supplement must be "related to the claims in the original complaint." *Alabama v. U.S. Army Corps of Engineers*, 382 F. Supp. 2d 1301, 1330 (N.D. Ala. 2005) (citing *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 226 (1964)). Therefore, Rule 15(d) should not be used to introduce a "separate, distinct and new cause of action." *Reef Azul, LLC v. Potter*, No. 22-80815, 2022 WL 17656077, at *1 (S.D. Fla. Aug. 26, 2022) (quoting *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997)); *see also* 6A Fed. Prac. & Proc. Civ. § 1510 (3d ed.) (2024) (noting that "a motion under Rule 15(d) has been denied because the claim or defense asserted in the supplemental pleading bore little or no relationship to the original pleading").

---

[2] This approach is consistent with a court's ability to "ignore the legal label that a *pro se* litigant attached to a motion" in order to "avoid an unnecessary dismissal," "avoid inappropriately stringent application of formal labeling requirements," and "create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381–82 (2003) (internal citations omitted).

Here, Plaintiff seeks to convert his request for a writ of mandamus to a claim under the APA. Plaintiff's proposed supplemental complaint would fundamentally change the nature of this action by injecting entirely new legal theories and facts. Plaintiff's new claims are not related to Plaintiff's original claims, which all arise from the timing of the adjudication of Plaintiff's Form I-290B. Because the relief originally sought by Plaintiff is now moot and his proposed supplemental complaint is based on an entirely distinct cause of action, Plaintiff must pursue a new civil suit. *Miccosukee Tribe of Indians of Fla. v. United States*, 650 F. Supp. 2d 1235, 1243 n.7 (S.D. Fla. 2009*), aff'd sub nom.*, *Miccosukee Tribe of Indians of Fla. v. U.S. Army Corps of Eng'rs*, 619 F.3d 1289 (11th Cir. 2010) ("Although Plaintiff has requested an opportunity to amend its Complaint in the event that the Court dismisses the case, the Court sees no reason to allow leave to amend, considering that the controversy between the parties has been rendered moot."); *Reef Azul,* 2022 WL 17656077, at *2 ("Moreover, the Court does not find that Plaintiffs would be prejudiced by this Court's decision [to deny the proposed supplemental complaint]; a supplemental pleading by a plaintiff is optional and may be filed in a separate lawsuit."); *Villatoro-Alvarez v. McAleenan*, No. 3:19-CV-323-L, 2020 WL 3786220, at *1 (N.D. Tex. June 22, 2020) (denying plaintiff's proposed amended complaint and requiring that it be brought as a new civil action because the original complaint for writ of mandamus was dismissed as moot).

## CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Amended Complaint is now moot, and dismissal is thus warranted for lack of jurisdiction. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, [ECF No. 30], is **GRANTED**.
2. Plaintiff's Supplemental Pleading, [ECF No. 39], is **STRICKEN**.
3. Plaintiff's Amended Complaint, [ECF No. 6], is **DISMISSED** *without prejudice*.

4. All other pending motions are **DENIED AS MOOT**.

5. The Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 28th day of November, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**